**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ASHLEY WASHBURN,  Case No. 1:10-cv-464

    Plaintiff,  Beckwith, J.
        Bowman, M.J.

    v.

LAWRENCE COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

### MEMORANDUM ORDER

**Background**

For a third time, this Court has been called upon to resolve a discovery dispute that the parties have been unable to resolve extra-judicially. Pursuant to the published civil procedures of the undersigned magistrate judge and Local Rule 37.1, on March 5, 2012, Defendants called to request an informal telephonic conference before the Court concerning the parties' dispute over depositions noticed in West Virginia for Friday, March 9, and/or in the alternative an extension of the discovery deadline.[1]  *See generally* www.ohsd.uscourts.gov/judges/fpbowman.htm.  In compliance with the procedures of this Court, Defendants transmitted by email both to the Court and to opposing counsel a two-page "brief" (not filed of record) that summarized the nature of the parties' dispute. The Court scheduled the telephonic conference for Tuesday, March 6 at 10 a.m., and

---

[1] Chambers staff verified during the course of the telephone call that: 1) both parties agreed that they were at an impasse and required judicial intervention; and 2) Plaintiff was aware that Defendants intended to request that intervention.

transmitted notice of that conference by email to all counsel of record.

Plaintiff's counsel was out of the office in depositions on Monday March 5, and failed to timely receive the Court's email. As a result, Plaintiff failed to appear for the telephonic conference on March 6. At the time scheduled for the conference, the Court's deputy clerk contacted Mr. Mundy's office by telephone and, in speaking to his assistant, requested a later time the same day when Plaintiff's counsel might be available to participate in a telephonic conference.

When the Court did not receive the requested information, the Court scheduled a second telephonic conference for 10 a.m. on Wednesday, March 7. Again the Court transmitted notice via email to all counsel, as well as to Plaintiff's legal assistant, and via telephone messages left with Plaintiff's counsel's office. In the meantime, at 4:47 p.m. on Tuesday, March 6, Plaintiff filed a motion to quash or in the alternative, for a protective order, in the United States Court for the Southern District of West Virginia, seeking protection from having to appear for the March 9 depositions.[2] The staff to the magistrate judge to whom Plaintiff's motion was assigned subsequently contacted this Court, and was advised that a hearing already had been scheduled concerning essentially the same subject matter. Given the greater familiarity of this Court with the ongoing proceedings, time constraints, and the fact that a hearing had been scheduled, Judge Eifert deferred her ruling on Plaintiff's motion until following resolution of the nearly identical issues by this Court. *See* March 7, 2012 Order in Southern District of West Virginia Civil Action No. 3:12-

---

[2]Plaintiff challenges whether the subpoenas were properly issued from the West Virginia court, a factual dispute which this Court finds it unnecessary to resolve. In any event, Plaintiff filed his motion to quash the subpoenas in West Virginia under Rule 45, which grants the authority to quash a subpoena to the court that issued it.

mc-38.

All counsel appeared telephonically at the rescheduled hearing at 10:00 a.m. on March 7, 2012 in this Court. Prior to that hearing, the Court reviewed the motion filed by Plaintiff in West Virginia, as well as all attachments, which were transmitted by Plaintiff via email.

The Court having heard the arguments of all counsel and having read the brief transmitted by Defendants as well as the motion electronically transmitted by Plaintiff, the Court agrees that no depositions should proceed on Friday, March 9 due to the unavailability of Plaintiff's counsel. The Court acknowledges the reasons for counsel's impasse include: (1) Mr. Mundy's very limited availability prior to the discovery cut-off[3] and refusal to agree to an extension of time to take the requested depositions outside of the April 2 deadline; and (2) a breakdown in the communications of counsel which led Defendants to schedule the depositions on a date that Mr. Mundy was unavailable. In short, there is blame enough to share, and the Court further encourages the parties to communication more effectively and cooperatively in the future.

**Conclusion and Order**

In an effort to resolve the parties' scheduling disputes going forward, **IT IS ORDERED:**

    1. Defendants shall not proceed with the depositions noticed for March 9, 2012;

---

[3] Mr. Mundy represents that he is scheduled to proceed with a trial on March 26 and a two-week medical malpractice trial in state court beginning on April 9, 2012. All counsel agree that, to the extent that trial does not proceed on April 9, they will endeavor to use any available dates to complete the remaining expert depositions. In addition, the parties already have 9 other depositions scheduled in this case between now and April 12, 2012.

3

2.  The current discovery deadline of April 2, 2012 is hereby **continued** for the purpose of taking the additional depositions referenced in this Order, **until May 2, 2012**;

3.  Defendants shall take the depositions of Plaintiff's two treating physicians on March 19, 2012, a date previously set aside for the depositions of Plaintiff's parents;

4.  The depositions of Plaintiff's parents, two representatives from Plaintiff's former employer (Autism Services Center), and any social security representatives that Defendants are able to identify and secure for deposition, shall take place on April 23 and/or April 24, 2012;

5.  The deposition of Plaintiff's expert, Mr. Cavalier, shall take place on Thursday, April 19, 2012;

6.  As the only remaining depositions not scheduled in this Order are the depositions of the parties' respective vocational experts, the Court entrusts the scheduling of those final two expert depositions to counsel;

7.  The deadline by which all dispositive motions must be filed is hereby **extended** from May 1, 2012 **until May 15, 2012,** with the understanding that any request for further extensions will jeopardize the trial date and likely will be denied.       .

                                                 *s/ Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge