**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ASHLEY WASHBURN,  Case No. 1:10-cv-464

    Plaintiff,  Beckwith, J.
                                             Bowman, M.J.

    v.

LAWRENCE COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

**MEMORANDUM ORDER**

### I. The Current Discovery Dispute

For a fourth time, the Court is called upon to resolve a discovery dispute that the parties have been unable to resolve extra-judicially. Pursuant to the published civil procedures of the undersigned magistrate judge and Local Rule 37.1, Plaintiff called to request an informal telephonic conference before the Court concerning the parties' dispute over Defendant Attitude Aviation's responses to written discovery requests. A telephonic conference was conducted on May 29, 2012, following which both parties transmitted both to the Court and to opposing counsel short memoranda concerning their respective positions on the dispute.[1]

The parties' current dispute concerns whether Defendant must respond to an

---

[1] Although such memoranda are not typically filed of record pursuant to local practice (adhered to in the parties' three prior disputes), Plaintiff chose to file a more formal "memorandum in support of Plaintiff's motion to compel" concerning the instant dispute. (Doc. 135). Defendant transmitted its memorandum via email, not filed of record, per prior practice and the Court's instructions. Both memoranda were considered on equal footing.

interrogatory inquiring whether or not Defendant has undertaken any surveillance of Plaintiff, as well as Requests for Production concerning that surveillance and/or any related report. Defendant contends that the fact of whether or not surveillance video exists is itself subject to the work product privilege, given that any surveillance would have been created at counsel's request in anticipation of this litigation. Defendant also represents to this Court that, if any video does exist, it need not be disclosed because such surveillance and/or related report(s) would constitute attorney work product. While Defendant has not yet disclosed the existence of such material, Defendant also states that to the extent any such material may exist, Defendant has not yet determined whether it would be used at trial for purposes of impeachment or for any other purpose.

Plaintiff argues that the mere existence of surveillance materials does not constitute work product and should be disclosed. To the extent that undisclosed materials exist, Plaintiff argues that Defendant has waived any privilege by failing to produce a privilege log.

The Court having heard the arguments of counsel and having read the memoranda transmitted by both parties, the Court will grant Plaintiff's informal motion to compel in part, and deny the motion in part. The Court agrees that the weight of federal case law, including case law within this district, supports the disclosure of the existence of any surveillance tapes or similar materials. *See, e.g., Wightman v. Reassure America Life Ins. Co.,* 2006 WL 3483962 (S.D. Ohio, Nov. 30, 2006); *Smith v. Diamond Off Shore Drilling, Inc.,* 168 F.R.D. 582 (S.D. Tex. 1996); *Bolitho v. Home Depot USA, Inc.*, 2010 WL 2639639 (S.D. Fla., June 3, 2010).

By contrast, the surveillance materials themselves need not be disclosed until

and/or unless Defendant determines that the materials will be used at trial. To the extent that the material(s) will be used at trial, even if only anticipated for purposes of impeachment, the material(s) must be produced to Plaintiff sixty (60) days prior to trial. Such pre-trial disclosure ensures that Plaintiff will have adequate opportunity to conduct limited additional discovery concerning the circumstances surrounding the creation of the material(s), including editing techniques, lighting, and other factors that may involve manipulation of the original raw footage. While a privilege log should be served on opposing counsel for any non-disclosed materials, the Court finds no waiver of the privilege given Defendant's good faith legal argument for non-disclosure on the facts presented.

## II. Conclusion and Order

Accordingly, **IT IS ORDERED:**

1. Defendants shall respond to Plaintiff's written discovery request by stating whether or not surveillance materials exist;

2. To the extent that the material(s) exist and will be used at trial, even if only anticipated for purposes of impeachment, the material(s) must be produced to Plaintiff sixty (60) days prior to trial;

3. Defendants shall produce a privilege log for any non-disclosed materials.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge